UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CRIMINAL NO. 1:18-CR-00016-LY |
| | § § § | |
| CHARLES MCALLISTER | § | |

### DEFENDANT'S UNOPPOSED MOTION TO CONTINUE PRE-TRIAL L MOTIONS HEARING, DOCKET CALL, JURY SELECTION, AND SEPTEMBER 10, 2018 TRIAL

Defendant, Charles McAllister, respectfully moves the Court to continue the current trial setting for at least 120 days. In support, Defendant states as follows.

### BACKGROUND

In its mid-January 2018 Indictment against Charles McAllister, the Government alleges a "scheme" of fraud and money laundering reaching back more than 11 years. *See* Dkt. 3, ¶2. Several weeks after the Indictment, Defendant moved for a continuance of the then-set March 2018 trial setting citing the complexity of the case and the nearly two terabytes of documents the Government informed Defendant's counsel it possessed. *See* Dkt. 14. For reference, ***a single*** terabyte of data can consist of approximately 75,000,000 pages. The Court

{HD094929.1}

appropriately designated this matter a complex case on February 13, 2018, and continued the trial to September 10, 2018. Dkt. 15.

Meanwhile, two months later, the Commodity Futures Trading Commission ("CFTC") filed a civil complaint against Mr. McAllister based on allegations similar to those in the Indictment.  *See* Case No. 1:18-CV-00346-LY ("Civil Case").  Mr. McAllister answered the civil complaint in mid-June 2018.  While in the process of reviewing the two terabytes of information produced by the Government, Defendant learned from counsel for the bankruptcy trustee that the Government may have obtained only some fraction of the documents being held by the bankruptcy trustee for Bullion Direct, Inc. ("BDI").  All of the Government's claims—both criminal and civil—are directly tied to the bankruptcy of BDI.  It is believed that CFTC may have obtained more, if not all, of the bankruptcy trustee's files.  Given that the Government may have produced only some fraction of those documents, Mr. McAllister served discovery on CFTC seeking, among other things, the production of documents in CFTC's possession.  The Government thereafter filed a Motion of the United States to Intervene and Stay Discovery, which is pending before this Court in the Civil Case.  *See* Civil Case, Dkt. 13.

In addition to the sheer magnitude of discovery at issue, Defendant is having difficulty reviewing the documents provided by the Government.  Some 50 gigabytes of emails—approximately 5,000,000 pages—were produced to

Defendant in .pst format requiring separate viewing programs to ensure the integrity of networked systems. In addition, Defendant has been provided .ad1 files but has been unable to view the files with the software and instructions provided. While Defendant is working with the AUSA to resolve these matters, they necessarily impede Defendant's ability to expeditiously get through the discovery in this case.

For these reasons, Defendant seeks at least a four-month continuance of the current September 2018 trial setting.

## ARGUMENT

This Court has the discretion to grant a continuance of the trial in this matter. *United States v. Uptain*, 531 F.2d 1281, 1285 (5th Cir. 1976). The Fifth Circuit has established five factors that are relevant in granting a trial continuance in a criminal matter: (1) the quantum of time available for preparation, (2) the likelihood of prejudice to the defendant, (3), the defendant's role in shortening effective preparation time, (4) the degree of complexity of the case, and (5) the availability of discovery from the Government. *Uptain*, 531 F.2d at 1286. All of these factors weigh in favor of granting Defendant's motion.

First, the Court has already determined that this matter is a complex matter tolling the time limits under the Speedy Trial Act. *See* Dkt. 15. Second, as set forth above, Defendant has been diligently pursuing discovery and reviewing

discovery provided by the Government.  Third, as stated above, it appears that the Government did not collect relevant available discovery from the bankruptcy trustee which Defendant will have to obtain either through a Rule 16 request or a subpoena issued to the trustee.  Further, some discovery has been produced in a format not readily available for Defendant's review.  Additional time will be necessary to sort these matters out.  Fourth, the likelihood of prejudice to Mr. McAllister from a denial of continuance would be great for all the reasons stated herein.  Finally, counsel for Defendant has conferred with AUSA Guess, and the Government does not oppose Defendant's motion to continue this matter.

## CONCLUSION

Accordingly, Defendant prays that the Court grant his motion and issue a new scheduling order with new dates for the motions hearing, docket call, and jury selection and trial at least 120 days from the current settings and consistent with the Court's available calendar.

Respectfully submitted,

**JONES WALKER LLP**
811 Main Street, Suite 2900
Houston, Texas 77002
Phone: (713) 437-1811
Fax: (713) 437-1946

*/s/ James Ardoin*
JAMES M. ARDOIN, III
State Bar No. 24045420
TIFFANY C. RAUSH
State Bar No. 24099090
Email: jardoin@joneswalker.com
Email: traush@joneswalker.com

***Attorneys for Defendant
Charles H. McAllister***

### CERTIFICATE OF CONFERENCE

I hereby certify that on July 23, 2018, I conferred with AUSA Dan Guess who stated that he is UNOPPOSED to the relief sought in this motion.

*/s/ James Ardoin*

## CERTIFICATE OF SERVICE

I hereby certify this document was filed using the CM/ECF service on July 30, 2018 which caused service on all counsel of record.

*/s/ James Ardoin*
JAMES ARDOIN
