UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § § § | **1:18-CR-00016-LY** |
| **CHARLES MCALLISTER** | § | |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Defendant Charles McAllister respectfully moves the Court for entry of a protective order to prevent the disclosure of confidential and personally-identifying information contained in the records of the bankruptcy trustee for BullionDirect, Inc. In support of this motion, Defendant states as follows:

1.  The Government alleges that Mr. McAllister committed a "scheme" of fraud culminating in the bankruptcy of BullionDirect, Inc. ("BDI"). Some of the discovery in this matter will be records obtained from the trustee for the BullionDirect, Inc. Litigation Trust, which was created in connection with the chapter 11 bankruptcy case for BDI, which remains pending before the United States Bankruptcy Court for the Western District of Texas, case no. 15-10940-TMD. These records contain personally-identifying and confidential information belonging to third-parties. These records also contain information subject to

attorney-client privileges currently controlled by Gregory S. Milligan as trustee of the BullionDirect, Inc. Litigation Trust.  Accordingly, Defendant seeks the entry of a limited Agreed Protective Order to prevent the disclosure of this sensitive information.

2. The Court has the authority to enter a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1), which provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1); *see also United States v. Carriles*, 654 F. Supp. 2d 557, 565 (W.D. Tex. 2009).  In addition, "'[a] protective order may be issued upon a showing . . . by a party advocating the privacy interests of nonparties.'" *Id.* at 566 (internal citations omitted).  The entry of a protective order is within the trial court's discretion. *Id.*

3. Moreover, "the court should seek to ensure that the disclosure of discovery materials to a defendant '"involve[s] a minimum hazard to others."' *Id.* (citing *Alderman v. United States*, 394 U.S. 165, 185, 89 S. Ct. 961, 22 L. Ed. 2d 176 (1969)).

4. It is well settled that protecting personally-identifying and confidential information is good cause for a protective order. *See*, *e.g.*, *id.* at 567 (protective order appropriate to prevent harm to third-parties economic interest and private medical information); *Nabarrette v. Propetro Servs.*, Case No. 15-CV-00211, 2016

U.S. Dist. LEXIS 186374, 2016 WL 7616717, at *24 (W.D. Tex. Apr. 4, 2016) (determining that a protective order is warranted allowing the parties to protect dates of birth and social security numbers).

5. Counsel for Defendant has conferred with the prosecution, who states that the government is unopposed to this motion.

6. Defendant therefore requests that the Court enter the Agreed Protective Order attached as Exhibit A to this Motion for good cause shown.

WHEREFORE Defendant respectfully requests the entry of the attached Agreed Protective Order to protect from disclosure the personally-identifying and confidential information of third-parties, and for such other and further relief as this Court deems appropriate.

Date: October 18, 2018         Respectfully submitted,

                               **JONES WALKER, LLP**

                               _____
                               **JAMES M. ARDOIN III**
                               State Bar No. 24045420
                               **TIFFANY C. RAUSH**
                               State Bar. No. 24099090
                               811 Main Street, Suite 2900
                               Houston, Texas 77002
                               Tel: (713) 437-1800
                               Fax: (713) 437-1810
                               jardoin@joneswalker.com
                               traush@joneswalker.com
                               **ATTORNEYS FOR DEFENDANT,
                               CHARLES MCALLISTER**

## CERTIFICATE OF SERVICE

I hereby certify this document was filed using the CM/ECF service on October 18, 2018 which caused service on all counsel of record.

_/s/ Tiffany Raush_____

Tiffany C. Raush

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | 1:18-CR-00016-LY |
| CHARLES MCALLISTER | § | |

## AGREED PROTECTIVE ORDER

IT IS HEREBY ORDERED that the Parties shall follow the procedures set forth below with respect to certain documents or information provided or exchanged in this proceeding.

1. *Protected Information.* The parties and Gregory S. Milligan as Trustee of the BullionDirect, Inc. Litigation Trust may protect from disclosure in the public record any full social security number, account number, date of birth or other personally-identifying information of third parties or Defendant. The parties and Gregory S. Milligan as Trustee of the BullionDirect, Inc. Litigation Trust may also protect from disclosure any information it reasonably believes, in good faith, is confidential, proprietary, privileged, or trade secret information. Such information is referred to as "Protected Information."

2.     *Method of Protection.*  The parties may redact Protected Information before using it at trial or otherwise entering the information into the public record. Alternatively, or additionally, the parties my seek leave to file the Protected Information under seal in accordance with federal rules and the local rules of this Court.

3.     *Challenging Protective Designation.*  In the event that any party objects at any stage of the proceedings to the redaction or filing under seal of any Protected Information, the objecting party shall try to resolve any such dispute in good faith on an informal basis.  In the event such dispute cannot be resolved, the objecting party may seek relief from the Court.

4.     *Failure to Designate Not A Waiver.*  The inadvertent or unintentional production of documents containing sensitive, personally-identifying, privileged, confidential, proprietary, or trade secret information without being designated as Protected Information at the time of the production shall not be deemed a waiver in whole or in part of such person or entity's claim to the confidentiality or secrecy or privileged nature of the documents or information produced. A person or entity may designate as Protected Information material that has already been produced, including material that the producing party inadvertently failed to designate as such at the time it was produced, by written notice to the receiving party that the material should be designated protected under the terms of this Order.

5. *Not A Basis for Liability to Third Parties.* This Order, and any documents produced by Gregory S. Milligan as Trustee of the BullionDirect, Inc. Litigation Trust, shall not constitute a basis for liability by any party or Gregory S. Milligan as Trustee of the BullionDirect, Inc. Litigation Trust to any other party or to any third party for any good faith failure to protect any Protected Information.

IT IS SO ORDERED this _____ day of _____, 2018.

_____
HON. LEE YEAKEL
District Court Judge, Western District of Texas