UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CRIMINAL NO. 1:18-CR-00016-LY |
| | § § § | |
| CHARLES MCALLISTER | § | |

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE PRE-TRIAL MOTIONS, DOCKET CALL, JURY SELECTION, AND MAY 13, 2019 TRIAL**

Defendant, Charles McAllister, respectfully moves the Court to continue the current trial setting and associated deadlines for at least 60 days. In support, Defendant states as follows.

## BACKGROUND

The charges against Defendant involve matters of complex financial transactions spanning 11 years. The documents involved are voluminous. The Court appropriately designated this matter a complex case on February 13, 2018. *See* Dkt 15. Because of the voluminous documentation and complexity of this case, on the unopposed motion of Defendant, the Court continued the trial setting to May 13, 2019. *See* Dkt 23.

Defendant and the Government have had difficulty reviewing the documents in this case due to technical format and software issues. These issues have been resolved, but delayed the parties' ability to review the materials. In addition, some documents in possession of the Government require in-person viewing. That review is currently tentatively planned for the week of March 11, 2019.

Finally, counsel for Defendant has another matter set for trial May 14, 2019: *U.S. v. Rouse, et al.*, Case No. 4:17-CR-0034, pending before Judge Miller in the Southern District of Texas. The *Rouse* trial conflicts with the May 13, 2019 trial setting for this case.

For the forgoing reasons, Defendant seeks a brief at least 60-day continuance of the current May 2019 trial setting and attendant pretrial deadlines. .

## ARGUMENT

This Court has the discretion to grant a continuance of the trial in this matter. *United States v. Uptain*, 531 F.2d 1281, 1285 (5th Cir. 1976). The Fifth Circuit has established five factors that are relevant in granting a trial continuance in a criminal matter: (1) the quantum of time available for preparation, (2) the likelihood of prejudice to the defendant, (3), the defendant's role in shortening effective preparation time, (4) the degree of complexity of the case, and (5) the availability of discovery from the Government. *Uptain*, 531 F.2d at 1286. All of these factors weigh in favor of granting Defendant's motion.

{HD101152.1}

First, the Court has already determined that this matter is a complex matter tolling the time limits under the Speedy Trial Act. *See* Dkt. 15. Second, as set forth above, Defendant has been working with the Government to pursue discovery. Delays have resulted from technical issues, which have been resolved. Further, Defendant has conferred and coordinated with the Government to review the remaining discovery materials, which must be reviewed in-person. Third, the likelihood of prejudice to Defendant from a denial of continuance would be great. Finally, counsel for Defendant has conferred with the AUSA, and the Government does not oppose Defendant's motion to continue this matter.

## CONCLUSION

Accordingly, Defendant prays that the Court grant his motion and issue a new case management order with new dates for pre-trial motions, pre-trial motion hearing, docket call, and jury selection and trial at least 60 days from the current settings and consistent with the Court's available calendar.

Respectfully submitted,

**JONES WALKER LLP**
811 Main Street, Suite 2900
Houston, Texas 77002
Phone: (713) 437-1811
Fax: (713) 437-1946

*/s/ James M. Ardoin*
JAMES M. ARDOIN, III
State Bar No. 24045420
TIFFANY C. RAUSH
State Bar No. 24099090
Email: jardoin@joneswalker.com
Email: traush@joneswalker.com

*Attorneys for Defendant*
*Charles H. McAllister*

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 28, 2019, I conferred with AUSA Dan Guess who stated that he is UNOPPOSED to the relief sought in this motion.

*/s/ James M. Ardoin*

4

{HD101152.1}

## CERTIFICATE OF SERVICE

I hereby certify this document was filed using the CM/ECF service on March 5, 2019 which will cause service on all counsel of record.

>*/s/ Tiffany C. Raush*
>Tiffany C. Raush