IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:18-CR-016-LY |
| | § | ECF |
| CHARLES MCALLISTER | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REQUESTING PRODUCTION OF INFORMATION REGARDING GOVERNMENT WITNESSES**

In response to the motion filed by the defendant, the government has produced any and all evidence under *Brady/Giglio* which would tend to exculpate the defendant (that is, evidence which is favorable and material to the defense). This includes and is not limited to the following:

a. Any evidence tending to show threats, promises, payments or inducements made by the government or any agent thereof which would bear upon the credibility of any Government witness;

b. Any statement of any Government witness which is inconsistent with his accusatory statement which lead to the Indictment in this case;

c. Any statement of any Government witness which is inconsistent with testimony at trial;

d. Any prior conviction of any Government witness which involved dishonesty or false statement, or for which the penalty was death or imprisonment in excess of one year under the law of which he was convicted, if any;

e. Any pending criminal charges against any Government witness; and

  f. Any specific instances of conduct of any Government witness which would tend to show character for untruthfulness.

  As to any evidence which is arguably subject to disclosure but which the government elects not to disclose, the government will submit such material to the Court for inspection. If prior to or during trial, the government should discover additional evidence or material which is covered by this response, the government will promptly notify defendant's counsel or the Court of the existence of this material or witness.

  Under *Brady,* the prosecution has a duty to disclose evidence favorable to the defendant, upon his request, when the evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The government understands that a breach of this duty, by negligence or design, is the responsibility of the prosecutor. *Giglio v. United States,* 405 U.S. 150, 154 (1972). The government will take every measure to uphold its duty and if any doubt exists about the materiality of such evidence, the doubt will be resolved in favor of the defendant.

  However, the government's duty does not extend to providing all information favorable to the defendant. The United States Supreme Court addressed these limits:

> The Court of Appeals appears to have assumed that the prosecutor has a constitutional obligation to disclose any information that might affect the jury's verdict.  That statement of a constitutional standard of materiality approaches the 'sporting theory of justice' which the Court expressly rejected in *Brady* for a jury's appraisal of a case "might" be affected by an improper or trivial consideration, as well as by evidence giving rise to a legitimate doubt on the issue of guilt.  If everything that might influence a jury must be disclosed, the only way a prosecutor could discharge his constitutional duty would be to allow complete discovery of his files as a matter of routine practice.

*United States v. Agurs,* 427 U.S. 97, 108-09 (1976).   While the prosecutor must disclose material evidence that is favorable to the defendant's guilt or punishment, he does not have a duty to make the defendant's case.  *Id*.   Nor does a *Brady* violation occur if such information is easily available to the defendant or could be acquired by reasonable diligence.   *West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996)(quoting *Blackmon v. Scott*, 22 F.3d 560, 564 (5th Cir.), *cert denied*, 115 S.Ct. 671 (1994).

    Respectfully submitted,

    JOHN BASH
    UNITED STATES ATTORNEY

    *s/Daniel D. Guess*
    DANIEL D. GUESS
    Assistant United States Attorney
    Texas State Bar No. 00789328

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel via ECF on August 7, 2019.

_s/Daniel D. Guess_
DANIEL D. GUESS
Assistant United States Attorney