UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. A:18-CR-016-LY |
| | ) | |
| CHARLES MCALLISTER, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S REQUESTED JURY INSTRUCTIONS

The United States of America, by and through the undersigned Assistant United States Attorney, files these requested jury instructions for the Court's consideration. Non-pattern instructions, pattern instructions requiring detailed information, and pattern instructions that have been proposed with substantial alterations are listed below in bold. The United States requests the following instructions:

1. Duty to Follow Instructions: *Fifth Circuit Pattern Jury Instructions* § 1.04.

2. Presumption of Innocence, Burden of Proof, Reasonable Doubt: *Fifth Circuit Pattern Jury Instructions* § 1.05.

3. Evidence—Excluding What is Not Evidence: *Fifth Circuit Pattern Jury Instructions* § 1.06.

4. Evidence—Inferences—Direct and Circumstantial: *Fifth Circuit Pattern Jury Instructions* § 1.07.

5. Credibility of Witnesses: *Fifth Circuit Pattern Jury Instructions* § 1.08.

6. **Destruction of Evidence, *Seventh Circuit Pattern Civil Jury Instructions* § 1.20.**

7. **Expert Opinion Testimony:** *Fifth Circuit Pattern Jury Instructions* **§ 1.17.**

8. On or About: *Fifth Circuit Pattern Jury Instructions* § 1.18.

9. Caution—Consider Only Crime Charged: *Fifth Circuit Pattern Jury Instructions* § 1.19.

10. Caution—Punishment: *Fifth Circuit Pattern Jury Instructions* § 1.20.

11. Single Defendant—Multiple Counts: *Fifth Circuit Pattern Jury Instructions* § 1.21

12. Duty to Deliberate: *Fifth Circuit Pattern Jury Instructions* § 1.24.

13. Similar Acts: *Fifth Circuit Pattern Jury Instructions* § 1.30.

14. "Knowingly"—To Act: *Fifth Circuit Pattern Jury Instructions* § 1.37.

15. Deliberate Ignorance: *Fifth Circuit Pattern Jury Instructions* § 1.37A.

16. Interstate Commerce—Defined: *Fifth Circuit Pattern Jury Instructions* § 1.39.

17. Foreign Commerce—Defined: *Fifth Circuit Pattern Jury Instructions* § 1.40.

18. Wire Fraud: *Fifth Circuit Pattern Jury Instructions* § 2.57.

19. Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity: *Fifth Circuit Pattern Jury Instructions* § 2.77.

20. **Specified Unlawful Activity—Defined: 18. U.S.C. §§ 1957(f) and 1956.**

21. Special Verdict Form.

## No. 1:
## DUTY TO FOLLOW  INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining  what actually happened—that is, in reaching  your decision  as to the facts—it  is your sworn duty to follow  all of the rules of law as I explain  them to you.

You have no right  to disregard  or give special attention  to any one instruction,  or to question  the wisdom  or correctness of any rule  I may state to you. You must not substitute  or follow  your own notion  or opinion  as to what the law is or ought to be. It is your  duty to apply the law as I explain  it to you, regardless  of the consequences.

It is also your duty to base your verdict solely  upon the evidence,  without  prejudice  or sympathy.  That was the promise  you made and the oath you took before  being accepted  by the parties  as jurors, and they have the right  to expect nothing  less.

## No. 2:
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

<u>No. 3:</u>
<u>**EVIDENCE—EXCLUDING  WHAT IS NOT EVIDENCE**</u>

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. Questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## No. 4:
## EVIDENCE—INFERENCES—DIRECT  AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**No. 5:**
**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testify in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying

7

for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## No. 6
## DESTRUCTION OF EVIDENCE

The government contends that the defendant at one time possessed emails sent and received by the defendant. However, the defendant contends that [evidence never existed, evidence was not in its possession, evidence was not destroyed, loss of evidence was accidental, etc.].

You may assume that such evidence would have been unfavorable to the defendant only if you find by a preponderance of the evidence that:

(1) The defendant intentionally destroyed the evidence or caused the evidence to be destroyed; and,

(2) The defendant destroyed the evidence or caused the evidence to be destroyed in bad faith.

<u>No. 7:</u>
<u>**EXPERT OPINION TESTIMONY**</u>

During the trial you heard the testimony of —————, who expressed opinions concerning —————. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## No. 8:
## ON OR ABOUT

You will note that the indictment charges that each offense was committed on or about a specified date. The government does not have to prove that each crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed each crime on a date reasonably near the dates stated in the indictment.

## No. 9:
## CAUTION—CONSIDER  ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**No. 10:**
**CAUTION—PUNISHMENT**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## No. 11:
## SINGLE DEFENDANT—MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## No. 12:
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back

into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

## No. 13:
## SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

Whether the defendant acted according to a plan or in preparation for commission of a crime;

or

Whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

## No. 14:
## "KNOWINGLY" — TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## No. 15:
## DELIBERATE IGNORANCE

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

**No. 16:**
**INTERSTATE COMMERCE—DEFINED**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

## No. 17:
## FOREIGN COMMERCE—DEFINED

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## No. 18:
## WIRE FRAUD

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate or foreign wire communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly devised or intended to devise any scheme to defraud, that is defendant solicited individuals to purchase and/or sell precious metals through false and fraudulent promises, representations, material omissions, and pretenses including that the funds obtained would be used to purchase precious metals on behalf of the customer and either shipped directly to the customer or stored in a vault controlled by defendant when in fact the funds were used to pay for corporate expenses, investments in other entities, or applied by defendant for his own and his family's personal use and benefit;

*Second*: That the scheme to defraud employed false material representations, pretenses, or promises;

*Third*: That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

22

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate or foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate or foreign wire communications facilities in furtherance

of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

**No. 19:**
## ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: that the defendant knowingly engaged in a monetary transaction;

*Second*: that the monetary transaction was of a value greater than $10,000;

*Third*: that the monetary transaction involved criminally derived property;

*Fourth*: that criminally derived property was derived from specified unlawful activity;

*Fifth*: that the defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: that the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

25

**No. 20:**
**SPECIFIED  UNLAWFUL  ACTIVITY—DEFINED**

The term "specified  unlawful  activity"  includes  Wire Fraud in violation  of Title  18, United States Code, Section  1343.

## No. 21:
## SPECIAL VERDICT FORM

1. <u>Count One</u> (Wire Fraud):

      We the Jury find that Defendant **CHARLES MCALLISTER** is

      _____ of the offense charged in Count One of the Indictment.
      Not Guilty/Guilty

2. <u>Count Two</u> (Engaging in Monetary Transaction in Criminally Derived Property):

      We the Jury find that Defendant **CHARLES MCALLISTER** is

      _____ of the offense charged in Count Two of the Indictment.
      Not Guilty/Guilty


                                    _____
                                    Foreperson

27

Leave is also requested to submit additional instructions if, during the course of the proceeding, they become appropriate.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By: _/s/ Keith Henneke_____
KEITH M. HENNEKE
DAN GUESS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

On August 14, 2019, I caused a true copy of the foregoing to be served on counsel for

Defendant Charles McAllister via the ECF system.


By: _/s/ Keith Henneke_____
KEITH M. HENNEKE
Assistant United States Attorney