UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 18-cr-0016 |
| | § | |
| CHARLES MCALLISTER | § | |

## **DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

CHARLES MCALLISTER, respectfully files these proposed voir dire questions:

1.      Has anyone served on a state or federal criminal jury before?  If so:

    a.      Was it state or federal case?

    b.      What were the charges in the case?

    c.      What law enforcement agencies testified for the prosecution?

    d.      Did you reach a verdict in the case?

    e.      What was the verdict?

2.      Does each member of the jury panel understand that the fact that a person has been indicted by Grand Jury has no bearing whatsoever on the issue of whether that person is guilty of the offense charged?

3.      Has any member of the jury panel or any close relative of a member of the jury panel ever been employed by the federal or a state government?

    a.      When were you or your relative employed by the government?

    b.      What governmental agency were you or your family member employed by?

     c.     Why did you or your relative leave employment with the government?

4.     Has any member of the jury panel or any friend or relative of a member of the jury panel ever been employed as a law enforcement officer?

     a.     Would any member of the jury panel tend to believe the testimony of a government agent rather than the testimony of a defendant or any other private citizen solely because the agent is a government employee or a law enforcement officer?

5.     Has any member of the jury panel or any friend or relative of any member of the jury panel ever for a law enforcement agency or provided tips for Crime Stoppers?

6.     Has any member of the jury panel or any close relative of any member of the jury panel ever requested or assisted in filing of criminal charges against anyone?

     a.     Were charges filed, if so what were they?

     b.     What was the result of the charge filed?

7.     Has any member of the jury panel or any friend or relative ever been the victim of any crime in Texas or any other state?

     a.     What was the crime?

     b.     When did it occur?

8.     Has any member of your family or any member of the panel here today been the victim of identity theft?

9.     Does any member of the panel work for or volunteer for any organizations, governmental or non-governmental, such as Crime Stoppers?

10.     Does any member of the panel have close relatives or friends who work for or volunteer for any organizations, governmental or non-governmental, Crime Stoppers?

11.    Does any member of the panel work for any business that has been the victim of theft?

12.    Does any member of the panel have close friends or family members who work for any business that has been the victim of theft?

13.     Has any member of the panel here today been a witness in any hearing where they were placed under oath?

14.    The law of the United States provides that a defendant does not have to testify in any criminal case. Our law further provides that if a defendant decides not to testify, the jury may not consider that for any purpose in deciding whether the accused is guilty. Is there any member of the jury panel who, because of personal feeling or otherwise, would not be able to follow that law?

        a.    Is there any member of the jury panel that feels that if a defendant does not testify then it is some indication that the defendant might be guilty?

15.    Does each member of the jury panel understand that an attorney has a legal duty to object to evidence they feel should not be legally admitted before the Court or the jury?

16.    Does each member of the jury panel understand that the verdict in this case must be unanimous and it is not a situation where the majority wins?

17.    Will each member of the jury panel vote your own personal individual vote in this case regardless of the feelings of the other jurors?

        a.    Will each member of the jury panel vote your own personal vote even if you are in a very small minority in that vote?

18.     Is there any member of the jury panel that thinks that just because Mr. McAllister sits here that he is guiltier than any member of the jury panel or anyone else in this courtroom?

19.    Does each member of the jury panel understand that if you were called on to vote 'guilty' or 'not guilty' at this time you would have to vote not guilty because of the presumption of innocence?

20.     Does each member of the jury panel understand that the defendant is not required to prove that he is innocent?

21.     The law of the United States provides that the government has the burden of proving each and every allegation in the indictment beyond a reasonable doubt. Is there any member on the panel who would not require the government to comply with that burden?

22.     Is there any member of the panel who does not agree with our law placing the burden of proof of every allegation in the indictment on the government beyond a reasonable doubt to such an extent that they would not be able to comply with that law?

23.     Have any members of the jury panel formed any conclusions in their minds as to the guilt of Mr. McAllister, which would take the presentation of evidence to remove?

24.     Do any members of the jury panel think that Mr. McAllister is guilty of the crime with which he is charged at this time simply because an indictment has been returned naming him a defendant?

25.     Do each of you understand that the indictment is not evidence of guilt in this case and cannot be considered by you as evidence of guilt?

26.     Does any member of the panel feel that Mr. McAllister must be guilty of something or he would not be on trial?

27.     Will each of you wait until all evidence has been presented to you before making up your mind about this case?

28.     Do you realize that you, as jurors, will be the sole judges of the facts in this case?

29.     Do you understand that the comments of the prosecutors are not evidence in this case?

30.     Do you understand that before you can find Mr. McAllister guilty of the offense charged, the government must prove each and every element of

the offense beyond a reasonable doubt, and must prove the guilt of the accused beyond a reasonable doubt?

31.    Do each of you understand that the presumption of innocence applies to each and every element of the crime charged?

32.    Reasonable doubt means very simply a doubt founded in reason. To put it in perspective, it is sometimes helpful to compare it with the burden of proof in civil cases. In civil litigation, the plaintiff, or the party bringing the suit, has the burden of proving his case by the preponderance of the evidence, or very simply, whoever has the most evidence wins the case. In a criminal case the burden is much higher, because if you, as a juror, have a reasonable doubt of defendant's guilt, regardless of the preponderance of the evidence, you must find the defendant not guilty. Is there anyone who would not hold the government to its burden of proving its case beyond a reasonable doubt?

DATED: August 20, 2019

Respectfully submitted,

JONES WALKER, LLP
811 Main St., Suite 2900
Houston, Texas 77002
P: (713) 437-1811
F: (713) 437-1946

*/s/ James Ardoin*
JAMES ARDOIN
State Bar No. 24045420
Email: jardoin@joneswalker.com

*Attorney for Defendant*
*CHARLES MCALLISTER*

## **Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was filed via the CM/ECF system that served all parties via email.

*/s/ James Ardoin*
JAMES ARDOIN