FILED
OCT 4 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 1:18-CR-16-LY |
| | § | |
| CHARLES MCALLISTER | § | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

You have now heard all of the evidence in the case and in a moment you will hear the summation or final arguments of the lawyers for the parties.

I will now instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges: I am one of the judges; the other is you the jury. It is my duty to preside over the trial and determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally I will explain to you the procedure you should follow in your deliberations.

## JURORS' DUTY AS JUDGES OF FACTS

You, as jurors, are the judges of the facts. But in determining what actually happened in this case–that is, in reaching your decision as to the facts–it is your sworn duty to follow all of the rules of law as I am now in the process of explaining to you.

You must follow my instructions as a whole. You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. By the same token, it is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

Defendant Charles McAllister has been charged by the Government with violations of federal law in an indictment. The indictment is not evidence in the case. The true and sole use of the indictment is to charge the offenses and to inform Mr. McAllister of the offenses alleged against him. The reading of the indictment to the jury in the statement of the case of the Government against Mr. McAllister cannot be considered as a fact or circumstance against Mr. McAllister in your deliberations. Mr. McAllister is presumed by the law to be innocent of the charges. The law does not require him to prove his innocence or produce any evidence at all. Mr. McAllister has an absolute right not to testify. You may not consider in any way the fact that Mr. McAllister did not testify. You should not even discuss it in your deliberations. The presumption of innocence means that Mr. McAllister starts the trial with a clean slate. Furthermore, the presumption of innocence continues with him throughout the trial, unless and until such time as all evidence produced here in the orderly conduct of the case, considered in the light of these

2

instructions of law, and deliberated upon by you in the jury room, satisfies you beyond a reasonable doubt that Mr. McAllister is guilty. The presumption of innocence applies individually to each count and each crime charged and the presumption may be overcome as to each specific crime only after the Government introduces evidence that establishes Mr. McAllister's guilt beyond a reasonable doubt as to each crime charged. Unless you are satisfied beyond a reasonable doubt that Mr. McAllister is guilty, the presumption alone is sufficient to find Mr. McAllister not guilty.

## **PRESUMPTION OF INNOCENCE, REASONABLE DOUBT, BURDEN OF PROOF**

The indictment or formal charge against Mr. McAllister is not evidence of guilt. Indeed, Mr. McAllister is presumed by the law to be innocent. Mr. McAllister begins with a clean slate. The law does not require Mr. McAllister to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of Mr. McAllister not to testify.

The Government has the burden of proving each element of each offense beyond a reasonable doubt and, if it fails to do so, you must acquit Mr. McAllister. The law does not require Mr. McAllister to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit him, unless you the jurors are satisfied beyond a reasonable doubt of Mr. McAllister's guilt, after a careful and impartial consideration of all the evidence in the case.

Although the Government's burden of proof is a strict or heavy burden, it is not necessary that Mr. McAllister's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any reasonable doubt concerning his guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore,

is proof of such a convincing character that a reasonable person would not hesitate to act upon it in the most important of his or her own affairs.

Your duty is to determine whether the Government has proved the guilt of Mr. McAllister for the charges in the indictment beyond a reasonable doubt. If the evidence in the case convinces you beyond a reasonable doubt of the guilt of Mr. McAllister for the crimes charged in the indictment, you should so find. If you are convinced that Mr. McAllister has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## EVIDENCE

As I told you earlier, it is your duty to determine the facts and, in doing so, you must consider only the evidence I have admitted in the case. The term "evidence" includes (1) the testimony of witnesses, (2) written documents and other things received into the record as exhibits, (3) any facts the lawyers agree or stipulate to or that the court may instruct you to find, and (4) any applicable presumptions. These items of evidence are the only matters which you may consider in determining the facts in this case. Statements, arguments, and questions by lawyers are not evidence. Objections to questions are not evidence. Testimony that the court excludes or tells you to disregard is not evidence and must not be considered. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom. Remember that any statements, objections, or arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection

and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider both direct and circumstantial evidence. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of Mr. McAllister's guilt beyond a reasonable doubt before he can be convicted.

## **CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the Government has proved the guilt of Mr. McAllister beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Government or Mr. McAllister? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are but a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decision simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon Mr. McAllister in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something or failed to say or do something that is inconsistent with the testimony the witness gave at trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true; you may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## ON OR ABOUT

The indictment charges that each offense was committed on or about a specified date. The Government does not have to prove that each crime was committed on that exact date, so long as the Government proves beyond a reasonable doubt that Mr. McAllister committed each crime on dates reasonably near April 13, 2015, June 17, 2015, and July 2, 2015, the dates stated in the indictment.

## VENUE

You are instructed that Austin, Texas, and Travis County, Texas are within the Western District of Texas.

## CONSIDER ONLY CRIME CHARGED

You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. McAllister is guilty of the crimes charged in the indictment. Mr. McAllister is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial in this case, except as you may be otherwise instructed.

## PUNISHMENT

If Mr. McAllister is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## SINGLE DEFENDANT—MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find Mr. McAllister guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## SIMILAR ACTS

You have heard evidence of acts of Mr. McAllister which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding Mr. McAllister committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that Mr. McAllister did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether Mr. McAllister had the state of mind or intent necessary to commit the crime charged in the indictment;

or

Whether Mr. McAllister had a motive or the opportunity to commit the acts charged in the indictment;

or

Whether Mr. McAllister acted according to a plan or in preparation for commission of a crime;

or

Whether Mr. McAllister committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

## "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## INTERSTATE COMMERCE—DEFINED

Interstate commerce means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia.

## FOREIGN COMMERCE—DEFINED

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## COUNTS ONE AND TWO
## WIRE FRAUD

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate or foreign wire communications in carrying out a scheme to defraud.

For you to find Mr. McAllister guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: That Mr. McAllister knowingly devised or intended to devise any scheme to defraud, that is Mr. McAllister solicited individuals to purchase, sell, or store precious metals through false

and fraudulent promises, representations, material omissions, and pretenses including that the funds obtained would be used to purchase precious metals on behalf of the customer and either shipped directly to the customer or stored securely in a vault controlled by Mr. McAllister when in fact the funds and funds obtained from the sale of customer metals were used to pay for corporate expenses, investments in other entities, or applied by Mr. McAllister for his own and his family's personal use and benefit;

*Second*: That the scheme to defraud employed false material representations, pretenses, or promises;

*Third*: That Mr. McAllister transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That Mr. McAllister acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that Mr. McAllister knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the Government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate or foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because Mr. McAllister either wired something or caused it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate or foreign wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## COUNT THREE
## ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find Mr. McAllister guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: that Mr. McAllister knowingly engaged in a monetary transaction;

*Second*: that the monetary transaction was of a value greater than $10,000;

*Third*: that the monetary transaction involved criminally derived property;

*Fourth*: that criminally derived property was derived from specified unlawful activity;

*Fifth*: that Mr. McAllister knew that the monetary transaction involved criminally derived property; and

*Sixth*: that the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The Government is not required to prove that Mr. McAllister knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The Government must prove, however, that Mr. McAllister knew that the involved property was obtained or derived from the commission of a crime.

13

## SPECIFIED UNLAWFUL ACTIVITY—DEFINED

The term "specified unlawful activity" includes Wire Fraud in violation of Title 18, United States Code, Section 1343.

## DUTY TO DELIBERATE—SPECIAL VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the Government has proved Mr. McAllister guilty beyond a reasonable doubt. When you go to the jury room, the first thing that you should do is select one of your number as your foreman or presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such

as Facebook, Instagram, Snapchat, LinkedIn, YouTube, Twitter, or any other on-line or social-media source to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you need to communicate with me during your deliberations, the presiding juror should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message. If you send a written message or question to the court, however, do not volunteer any information as to how the jury is divided for conviction or acquittal at that particular time.

A special verdict form has been prepared for your convenience. For each of Counts One through Three, the presiding juror will write the unanimous verdict of the jury in the space provided, either "Guilty" or "Not Guilty."

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your presiding juror complete, date, and sign the verdict form, and then return to the courtroom.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Submitted on this ___4th___ day of October, 2019, at __4:05__ o'clock __p__.m.

```
_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE
```