IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 1:18-CR-16-LY |
| | § | |
| CHARLES MCALLISTER | § | |

**ORDER DENYING MOTIONS FOR ACQUITTAL AND NEW TRIAL**

Before the Court are Defendant's Renewed Motion for Acquittal and Defendant's Motion for New Trial filed October 18, 2019 (Dkt. Nos. 78-79) and Government's Response to Defendant's Renewed Motion for Acquittal and Government's Response to Defendant's Motion for New Trial filed October 28, 2019 (Dkt. Nos. 80-81).

In his renewed motion for acquittal, Defendant asserts that the Government failed to produce evidence that Defendant acted with the specific intent to defraud, that the evidence instead clearly established that Defendant did not intent to perpetrate a scheme to defraud, and that Federal Rule of Criminal Procedure 29 requires the court to enter a judgment of acquittal for insufficient evidence.

In his motion for new trial, Defendant asserts that pursuant to Federal Rule of Criminal Procedure 33, the court should vacate the verdict rendered by the jury on October 4, 2019 and grant a new trial. Defendant argues that for reasons incorporated from the renewed motion for acquittal and also because the Government improperly encouraged the jury to shift the burden of proof to Defendant when the Government pointed out that Defendant chose not to call Bullion Direct, Inc.'s ("BDI") corporate counsel, Joe Cain, to testify on Defendant's behalf, the interest of justice favors granting a new trial. *See United States v. Iredia*, 866 F.2d 114, 118 (5th Cir.1989). The Fifth Circuit has stated that it does "not approve of comments reflecting on the lack of evidence presented by a defendant in a criminal case." *United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1238 (5th Cir.

1990) (internal citations and quotation marks omitted). This standard of review for a motion for new trial requires the court "to balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004) (citations omitted).

Relying on Fifth Circuit precedent, the Government argues in its response to Plaintiff's motion for acquittal that overwhelming circumstantial evidence of specific intent was presented to the jury and that it is "not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982). In *United States v. Stalnaker*, the Fifth Circuit noted that "[w]ire fraud is a specific-intent crime requiring proof that the defendant knew that the scheme involved false representations which related to material information." 571 F.3d 428, 436 (5th Cir. 2009) (internal citations and quotation marks omitted). In the same case, the Fifth Circuit held that there was substantial circumstantial evidence from which a jury could conclude that the defendant possessed the requisite intent for her wire fraud conviction. *Id.* at 437. The Government offers for support of its position the evidence submitted to the jury that the Defendant formed and organized BDI without sufficient capital, without an adequate accounting system, without segregating customer funds or metals, and without investing in a company pool of metal. The Government also points to evidence in the record showing that Defendant did not perform any financial analysis of his company or file any tax returns for the first ten years of operations, and that after a financial analysis was performed, Defendant refused to share BDI's financial situation with potential customers. Additionally, the Government notes that a conclusion of specific intent could be drawn from the evidence that showing Defendant not following Paul Carmona's advice of and continuing operations.

2

Finally, the Government argues, that assuming *arguendo* that Defendant's defenses regarding his belief that he had carte blanche authority over customer metals were true, they would not negate the evidence of Defendant's specific intent to defraud because the clause in question did not apply to stored IRA metals and immediate shipment orders. Thus it would not negate his specific intent to defraud the IRA storage customers, who were owed over $6 million when the bankruptcy was declared, despite the company only having approximately $650,000 in metals in its possession. Nor would it negate his specific intent to defraud the two victims of the three counts in the indictment, both of whom requested immediate shipment and delivery of their purchases.

In its response to Defendant's motion for new trial, the Government points to Fifth Circuit precedent outlining the standard of review in determining whether a prosecutor's statement constitute reversible error. The Fifth Circuit uses a two-step approach; it first considers whether the remarks were improper, and, second, whether the defendant was actually prejudiced. *United States v. Weast*, 811 F.3d 743, 732 (5th Cir. 2016). The prejudice step "sets a high bar" for the defendant and includes the following three factors: "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." *Id.* (internal quotation marks omitted). The Government asserts that even if its argument was not proper, it would not entitle Defendant to a new trial because the court gave a curative instruction and clarified which party had the burden of proof. The Government also cited another court in this circuit that dealt with similar burden-shifting comments and held that a court's curative instructions were enough to mitigate any potential prejudice, as the jury is "presumed to follow a court's instructions." *United States v. Bennett*, 230 F. Supp. 3d 546, 569 (S.D. Miss. 2017) (citing *United States v. McCarty*, 36 F.3d 1349, 1355 (5th Cir. 1994)).

3

Having considered the motions and responses, along with the applicable law and the entire court record, the court will deny both motions for the reasons to follow.

In Defendant's motion for new trial, it is conceded that in both *Iredia* and *Anchondo-Sandoval*, the Fifth Circuit found that the government's comments, though improper, did not affect the defendant's substantial rights because the Court "gave an immediate curative instruction that should have sufficiently erased any doubts as to which party had the burden of proof." *Iredia* 866 F.2d at 118. Despite these precedents, Defendant argues that the court's instruction to the jury to disregard the Government's improper comment, "such instruction was not sufficient in this case where the advice of counsel was such a critical issue." The court disagrees. Defendant has not shown why the court's curative instruction to disregard the Government's comment and reassertion of the Government's burden are insufficient when similar instructions were enough to erase "any doubt" in the more egregious cases of *Anchondo-Sandoval* and *Iredia*. Considering the presumption that juries obey instructions given by the court, the court's curative instruction to "disregard the last statement" was enough to overcome any potential prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for Acquittal filed October 18, 2019 (Dkt. No. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for New Trial filed October 18, 2019 (Dkt. No. 79) is **DENIED**.

Signed this __29th__ day of October, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE