IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | Criminal No. A-18-CR-016 LY |
| § | |
| CHARLES MCALLISTER, § | |
| Defendant. § | |

### UNITED STATES' MOTION FOR ENTRY OF MONEY JUDGMENT

TO THE HONORABLE LEE YEAKEL, UNITED STATES DISTRICT JUDGE:

The United States seeks an Entry of Money Judgment, which forfeits all right, title, and interest of Defendant in forfeitable property. In support thereof, the United States respectfully offers the following:

## I. INTRODUCTION

Having notified Defendant Charles McAllister ("Defendant") of the Government's intention to seek forfeiture of a personal money judgment (as set forth in the Indictment) and in light of the jury's guilty verdict convicting Defendant, the United States now moves for the entry of a money judgment in the amount of $16,186,212.56 for which Defendant is liable.

## II. STATEMENT OF THE CASE

Defendant was charged in a three count Indictment with Counts One and Two, Wire Fraud in violation of 18 U.S.C. § 1343 and § 2; and Count Three Engaging in Monetary Transaction in Criminally Derived Property in violation of 18 U.S.C. § 1957. (Doc. 3). The Indictment provided notice to Defendant of the Government's intent to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and § 982(a)(7), of any property constituting or derived from gross proceeds traceable to the offense, including but not limited to, a personal money judgment. (Doc. 3 at 8-9).

Defendant pleaded not guilty to the charges. (Doc. 11). Thereafter, a full trial on the merits was conducted between September 30, 2019, and October 4, 2019. On October 4, 2019, the jury found Defendant guilty on all counts of the Indictment. (Doc. 72). Defendant's sentencing is currently scheduled for December 19, 2019. (Doc. 77).

### III.  GROUNDS FOR MOTION

The United States hereby requests entry of a money judgment in the amount of $16,186,212.56 for which Defendant is liable under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1).

**A.  Procedural Background.**

"As soon as practical after a verdict or finding of guilty," the district court must determine the amount of the personal money judgment that the government seeks. FED. R. CRIM. P. 32.2(b)(1)(A). "The court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." FED. R. CRIM. P. 32.2 (b)(1)(B). "If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." *Id.*

The district court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment…." FED. R. CRIM. P. 32.2(b)(2)(A). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant…." FED. R. CRIM. P. 32.2(b)(2)(B).

The preliminary order of forfeiture becomes final as to the defendant at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A). "The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." FED.

R. CRIM. P. 32.2(b)(4)(B).  The forfeiture order must also be included in the court's judgment. *Id.*

### B.    A Money Judgment of $16,186,212.56 Is Sought.

Based on the guilty verdict returned against McAllister (Doc. 72), the United States hereby moves the Court for forfeiture of a money judgment in the amount of $16,186,212.56 which constitutes the proceeds derived or traceable to, the offense for which McAllister is liable under 18 U.S.C. §§ 981(a)(1)(C), and 982(a)(1).

The United States submits that no evidentiary hearing or further proceedings are necessary as the Court can make its determination based on the evidence and facts presented during the trial on the merits and the matters already contained within the Court's record.  *See* FED. R. CRIM. P. 32.2(b)(1)(B) (providing that "court's determination may be based on evidence already in the record …."); *id.* at 32.2(c)(1) (providing that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment").

Forfeiture is provided for in the following pertinent statutes:

- 18 U.S.C. § 981(a)(1)(C)[1] provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

- 18 U.S.C. § 982(a)(1) provides that, upon conviction for violating 18 U.S.C. § 1957, the court "shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

Criminal forfeiture is mandated by statute.  *See, e.g., United States v. Taylor,* 582 F.3d 558, 565–66 (5th Cir.2009) (holding personal money judgment for wire fraud offense is authorized); *United*

---

[1] "The federal civil forfeiture statute, 18 U.S.C. § 981, applies to criminal cases pursuant to 28 U.S.C. § 2461(c)" United *States v St. Pierre,* 809 F. Supp.2d 538, 542 (E.D. La. 2011).

*States v. Tencer*, 107 F.3d 1120, 1134 (5th Cir. 1997) (holding that the forfeiture provisions of Section 982(a)(1) are mandatory).

Here, the evidence adduced at trial and the information contained within the Court's record demonstrate that McAllister derived proceeds traceable or involved in the violations to which he was found guilty by the jury. *See* FED. R. CRIM. P. 32.2(b)(1)(B) (providing that "court's determination may be based on evidence already in the record . . . ."). More specifically, during the trial on the merits, Special Agent Michael Fernald (with the United States Department of Treasury, Internal Revenue Service, Criminal Investigation Division) testified as to the sum of money involved in the criminal conduct McAllister was found guilty of between January 2009 through July 2015. Furthermore, during Agent Fernald's testimony, the following exhibits were used to convey a summary of the agent's calculations of the proceeds McAllister gained during the timeframe of his criminal conduct:

1. Gov. Ex. 180 Analysis of Customer Funds; (*See* Attachment A)
2. Gov. Ex. 187 Financial Analysis Flow Chart; (*See* Attachment B)

Additionally, Joe Martinez (Attorney for Debtor-In-Possession), testified using Gov. Ex 66, which indicated a total of approximately $25,000.00 in obligations to McAllister's customers. (*See* Attachment C at Page 8). Lastly George Milligan (Trustee for BullionDirect, Inc. Litigation Trust), testified utilizing Ex. 71, which indicates that the application sum of money owed to customers of McAllister was $24,000.00. (*See* Attachment D at page 2).

Based on the foregoing evidence, the United States hereby moves the Court to find that it has proven, by a preponderance of the evidence, that the requested Money Judgment for $16,186,212.56 is forfeitable from McAllister as a result of the violation 18 U.S.C. § 1957 pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(1)

The United States further moves the Court for entry of the attached Order of Money Judgment which forfeits any and all right, title, and interest of Defendant in the following:

> A sum of money equal to Sixteen Million One Hundred Eighty Six Thousand Two Hundred Twelve Dollars and Fifty six cents ($16,186,212.56), representing the amount of proceeds and/or property, involved in the violation of 18 U.S.C. § 1957, or any property traceable to such property as described in the Notice of Demand for Forfeiture for which Defendant Charles McAllister is liable

**(hereinafter referred to as "the Subject Money Judgment")**.

**C.    Additional Provisions for the Subject Money Judgment.**

The United States further moves the Court to find that the Subject Money Judgment is a criminal monetary penalty under Conditions 14, 15, and 16 of the United States Western District of Texas Conditions of Probation and Supervised Release.

The United States further moves that should the Court assess a term of probation or supervised release, that Defendant pay said money judgment in accordance with a schedule of payments established by the United States Probation Office to commence after all other criminal debt has been satisfied pursuant to 18 U.S.C. §§ 3612(c), 3663(c)(5), and 3664(j).

The United States further moves the Court to order Defendant to make payments by money order or certified check made payable to the United States Marshals Service and to include the case number of the instant cause on all money orders (*i.e.* Case No. A-18-CR-016 LY) and said payments shall be sent to:

> **United States Attorney's Office**
> **Attn: Matt Rector, AFI**
> **601 NW Loop 410, Suite 600**
> **San Antonio, Texas 78216**

The United States further moves the Court to order that -- pursuant to FED. R. CRIM. P. 32.2(e), 21 U.S.C. § 853(p), and the guilty verdict -- the United States shall, at its option, be entitled

to the forfeiture of any other property (*i.e.* substitute assets) owned by said defendant equivalent to the value of the Subject Money Judgment.

The United States further moves the Court to order that, pursuant to FED. R. CRIM. P. 32.2(b)(4)(B), at the time of sentencing of Defendant, the Subject Money Judgment be included in his Judgment in a Criminal Case.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests that the Court grant this Motion for Entry of Money Judgment and grant such other and further relief to which the United States is entitled.

                                    Respectfully submitted,

                                    JOHN F. BASH
                                    UNITED STATES ATTORNEY

By:    /s/ ROBERT ALMONTE II
        ROBERT ALMONTE II
        Assistant United States Attorney
        Texas Bar #24049479
        903 San Jacinto Blvd., Suite 334
        Austin, Texas 78701
        Tel:    512-916-5858
        Fax:   512-916-5854

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2019, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    James M. Ardoin, III via jardoin@joneswalker.com
    Tiffany C. Rauch via traush@joneswalker.com
    (Attorneys for Defendant Charles McAllister)

    /s/ ROBERT ALMONTE II
    ROBERT ALMONTE II
    Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | Criminal No. A-18-CR-016 LY |
| § | |
| CHARLES MCALLISTER, § | |
| Defendant. § | |

## ORDER OF MONEY JUDGMENT

Came on to be considered the United States of America's Motion for Entry of Money Judgment submitted pursuant to Fed. R. Crim. P. 32.2; 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(7); and 21 U.S.C. § 853(p), and this Court being fully and wholly apprised in all its premises, finds that the United States has proven by a preponderance of the evidence that the below-described money judgment represents the amount of proceeds obtained directly or indirectly and/or property involved in or traceable to the violation of 18 U.S.C. § 1957, by virtue of the jury's guilty verdict against Charles McAllister. This Court further finds that said money judgment is a criminal monetary penalty under Conditions 14, 15, and 16 of the United States Western District of Texas Conditions of Probation and Supervised Release. As such, said Motion is meritorious and should be granted.

It is THEREFORE ORDERED that all right, title, and interest of Defendant Charles McAllister in the following:

> A sum of money equal to Sixteen Million One Hundred Eighty Six Thousand Tw Hundred Twelve Dollars and Fifty six cents ($16,186,212.56), representing the amount of proceeds and/or property, involved in the violation of 18 U.S.C. § 1957, or any property traceable to such property as described in the Notice of Demand for Forfeiture for which Defendant Charles McAllister is liable

**(hereinafter referred to as "the Subject Money Judgment")** be, and hereby is, FORFEITED to the United States of America.

It is FURTHER ORDERED that should the Court assess a term of probation or supervised release against Defendant, said Defendant shall pay the Subject Money Judgment in accordance with a schedule of payments established by the United States Probation Office to commence after all other criminal debt has been satisfied pursuant to 18 U.S.C. §§ 3612(c), 3663(c)(5), and 3664(j).

It is FURTHER ORDERED that Defendant make payments by money order or certified check made payable to the United States Marshals Service and shall include the case number of the instant cause on all money orders (*i.e.* Case No. A-18-CR-16 LY) and said payments shall be sent to:

> **United States Attorney's Office**
> **Attn: Matt Rector, AFI**
> **601 NW Loop 410, Suite 600**
> **San Antonio, Texas 78216**

It is FURTHER ORDERED that the United States shall, at its option, be entitled to the forfeiture of any other property (*i.e.* substitute assets) owned by Defendant, equivalent to the value of the Subject Money Judgment

It is FURTHER ORDERED that at the time of sentencing of Defendant Charles McAllister, the Subject Money Judgment shall be included in his Judgment in a Criminal Case.

SIGNED this _____ day of _____, 2019.

_____
**LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**